**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ERNEST TILLETT, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No. 17-cv-01232 |
| v. | ) | |
| | ) | |
| STEVEN J. FINK & ASSOCIATES, P.C., | ) | |
| | ) | |
| DEFENDANT. | ) | <u>Jury Demanded</u> |

## <u>COMPLAINT</u>

Plaintiff, Ernest Tillett brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and alleges:

## <u>JURISDICTION AND VENUE</u>

1.  This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.  Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## <u>STANDING</u>

3.  Plaintiff has a congressionally defined right to receive all communications from a debt collector through his attorney once a debt collector is notified that he is represented by an attorney.

4.  Defendant sent a communication directly to Plaintiff even while knowing he was represented by an attorney.

5.  Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

6.      Plaintiff, Ernest Tillett ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a Great Lakes Credit Union consumer account.  Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

7.      Defendant Steven J. Fink & Associates, P.C. ("Fink"), is a law firm organized as an Illinois professional corporation with its principal place of business and registered agent located at 25 East Washington, Suite 1233, Chicago, Illinois 60602. It does or transacts business in Illinois. (Exhibit A, Record from the Illinois Secretary of State).

8.      The practice of Fink consists of the collection of alleged defaulted consumer debts owed, if at all, to others.

9.      Fink is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

10.      Fink regularly files collection lawsuits in Illinois to collect defaulted consumer debts, and Fink is thus a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

11.     According to Defendant, Plaintiff incurred an alleged debt for goods and services used for personal family or household purposes, originally for a Great Lakes Credit Union ("Great Lakes") consumer account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

12.     Due to his financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

13.     Great Lakes subsequently assigned to the alleged debt to the law offices of Fink for collection, who filed a lawsuit against Plaintiff, in the Circuit Court of Cook County, Second Municipal District, styled *Great Lakes Credit Union vs. Ernest Tillett*, Case No. 16-M2-001977 ("State Action").

14.     Plaintiff subsequently consulted with the attorneys at Community Lawyers Group, who agreed to represent Plaintiff in the State Action.

15.     Plaintiff's attorneys notified Defendant that they were representing Plaintiff. In fact, Plaintiff's attorneys filed a lawsuit against Defendant for violations of the FDCPA with respect to the alleged debt, styled *Earnest Tillet v. Steven J. Fink & Associates, P.C.*, case no. 16-cv-09189, in the Northern District of Illinois ("Federal Lawsuit").

16.     Plaintiff's attorneys and Defendant engaged in months of negotiation regarding the Federal Lawsuit and the alleged debt itself, culminating in a settlement agreement among the parties on December 22, 2016.

17.     The parties were unable to settle the alleged debt that was the subject of the State Action, and Defendant informed Plaintiff's attorneys that the State Action would continue.

18.     About three weeks later, on or about January 20, 2017, Defendant mailed a

motion and notice of motion directly to Plaintiff at his home. (Exhibit B, Notice of Motion from

State Action).

19.     The motion was a motion for default judgment, and conveyed various information

regarding the alleged debt, including the amount due and the identity of the creditor.

20.     The motion was thus a "communication" as that term is defined at § 1692a(2) of

the FDCPA.

21.     Pleadings or filings in a state court collection lawsuit fall within the purview of

the FDCPA. *Marquez v. Weinstein, Pinson & Riley, P.S.*, 836 F.3d 808, 810 (7th Cir. 2016).

22.     Plaintiff was upset because he had been informed by his attorneys that he would

no longer be contacted about the alleged debt since he was represented by an attorney.

23.     Plaintiff was worried that he would continue to have to deal with Defendant on

his own and felt nervousness, and feelings of hopelessness that Defendant would never stop

contacting him, even after he sought the assistance of an attorney, and even after he had

previously sued Defendant for his violations of the FDCPA.

24.     On January 20, 2017, Defendant knew that Plaintiff was represented by counsel

because Defendant had engaged in months of negotiations regarding the alleged debt with

Plaintiff's attorneys leading up to that date.

25.     15 U.S.C. § 1692c(a) of the FDCPA provides as follows:

> **(a) Communication with the consumer generally**
>
> **Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—**
>
> **. . . (2) <u>if the debt collector knows the consumer is represented by an attorney with respect to such debt</u> and has knowledge of, or can readily**

**ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer. . . .**

(emphasis added)

26.     Defendant Fink communicated information regarding an alleged debt directly to a consumer, in violation of 15 U.S.C. § 1692c(a)(2), when he did so while knowing the consumer was represented by an attorney.

27.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT—

28.     Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

29.     Defendant Fink communicated information regarding an alleged debt directly to a consumer, in violation of 15 U.S.C. § 1692c(a)(2), when he did so while knowing the consumer was represented by an attorney.

WHEREFORE, Plaintiff asks that the Court enter judgment in his favor and against Defendants as follows:

       A.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

       B.  Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

       C.  Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

       D.  Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Celetha C. Chatman

Celetha C. Chatman

Celetha Chatman
Michael Wood
**Community Lawyers Group. Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com
mwood@communitylawyersgroup.com